WOODROW (COOKE v.).   See Case No. 3,-181.

WOODROW (JONES v.).   See Case No. 7,-509.

## Case No. 17,985.

### Ex parte WOODRUFF.

[3 App. Com'rs Pat. 233.]

Circuit Court, District of Columbia.   Nov. 12, 1859.

PATENTS — COMBINATIONS — NOVELTY AND INVENTION.

[A combination, to be patentable, must disclose something new, either in the combination itself, or in the result achieved.]

An appeal from a decision of the commissioner of patents refusing to grant letters patent to Andrew Woodruff for an improvement in harrows.

MORSELL, Circuit Judge. The specification particularly describes the various parts of appellant's improved harrows. At the closing part thereof appellant says: "I claim as my invention, and as a new article of manufacture, the folding harrow above described, composed of two X shaped tooth frames supported and connected at their ends as described and shown." The acting commissioner adopts for his decision the report of the board of examiners, which states: "The applicant claims a folding harrow, composed of two X shaped frames connect-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

ed together by iron straps, which serve not only as braces but hinges to effect the connection. The reference, Fig. g, g, plate X, in Mach. n, Verzee ss, &c., is a folding harrow connected together by iron straps which act not only as braces but hinges to effect the connection, and possess this advantage over the applicant's device, to wit: The parts can fold in two directions, and thus the harrow is enabled to accommodate itself to inequalities of ground which Woodruff's as constructed cannot do, as it only folds in one direction. It is true that the two parts which make up Woodruff's harrow are made in X form, but this is a difference in form merely, which the constructor chooses to have the parts assume, and unless there is something novel in the effect produced, due to such form, then the form cannot be considered as an element conferring patentability to the device. As to the question of cheapness of construction, there need be no more parts in the one than in the other; the draft in both is applied in the same direction, with regard to the body of the implement, and the effect produced by both is the same, with the exception of the advantage in favor of the reference above named. Aside from this, the reference to Wood's cultivator rejected May 19th, 1856, shows that the X form is old. We must therefore recommend the final rejection of this application." The acting commissioner's decision immediately follows, thus: "The aforegoing report is confirmed, and the application for a patent finally rejected;" dated March 18, 1859. From which decision the appellant filed the following appeal: "Inasmuch as the said Woodruff claims a harrow made up specifically of a certain combination of parts, and so claimed in his application for a patent, which combination of parts is not shown or described in either of the references given by the commissioner in this rejection of the said application, that the commissioner used in deciding the X form of harrow was old, and that as no hinges like those used by said Woodruff in his harrow had been used in connecting the parts of folding harrows before that, therefore the said Woodruff is not entitled to receive the patent as prayed for in view of the references given." The commissioner refers to the hereinbefore recited report of the examiner as stating all the grounds of his objection to the part or parts of the invention which he considers as not entitled to be patented. After due notice of the time and place of trial given, the commissioner laid before me all the original papers in the case, and the appellant, by his attorney, filed his argument, and the case was submitted.

The appellant, in his argument, says: "That, so far as the X form of harrow frame is concerned, so long as Mr. Woodruff does not claim this form, but only its combination with other features which are conjoined with it to make the article of manufacture, which he claimed as produced by such com-

bination," &c., it should not be urged as a reason, &c. The rule of law is that there must be something new either in the combination itself, or in the result, neither of which appears to be the case in the present instance. If the result shows a new and valuable article of manufacture, so as to afford ground of itself to presume invention, then there ought to have been sufficient proof of the fact in the case laid before me, which there is not. My opinion therefore is that the decision of the acting commissioner is correct, and ought to be affirmed, and the same is accordingly therefore affirmed.